# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ALEX GUTIERREZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 22-cv-2938 |
| v. ) | |
| ) | Hon. Judge |
| WASTE MANAGEMENT OF ) | |
| ILLINOIS, INC., ) | |
| ) | JURY DEMANDED |
| Defendant. ) | |

## COMPLAINT

Alex Gutierrez ("Plaintiff" or "Gutierrez"), by and through his undersigned counsel, Nicollette Haines, Esq., DISPARTI LAW GROUP, P.A., complains as follows against Defendant, Waste Management of Illinois, Inc. ("Defendant").

## JURISDICTION AND VENUE

1. Jurisdiction of Count I arises under the Americans with Disabilities Act ("ADA"), 42 U.S.C. 12111, et seq.

2. Jurisdiction of Count II arises under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e.

3. Venue is proper under 28 U.S.C. § 1391 because the events and omissions giving rise to the claims herein have occurred in this judicial district, and because Defendant maintains places of operation within this judicial district.

## PARTIES

4. Plaintiff Gutierrez is a legal adult and resident of Illinois.

5. At all times relevant, Plaintiff Gutierrez was employed by Defendant Waste Management of Illinois, Inc as a Commercial Rearload Driver.

6. Defendant Waste Management of Illinois, Inc. has its principal place of business in Wheeling, Illinois and performs regular business operations in the state of Illinois.

## ADMINISTRATIVE PREREQUISITES

7. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") claiming disability discrimination and retaliation based upon the factual allegations charged against Defendant.

8. Plaintiff timely filed his administrative charges on or about August 28, 2015 – within 300 days -- after he was terminated on or about November 10, 2014.

9. After the EEOC completed their investigation, a Right to Sue letter was issued for that charge (EEOC Charge No. 440-2015-06744) on March 7, 2022. *See Exhibit 1 hereto.*

## FACTS COMMON TO ALL COUNTS

10. Plaintiff Gutierrez began employment with Defendant Waste Management of Illinois, Inc. in or about July 1998 as a Commercial Rearload Driver.

11. At all times relevant, Plaintiff was a member of Teamsters Local 731 and governed by a collective bargaining agreement.

12. At all times relevant, Plaintiff met Defendant's expectations related to work performance.

13. Throughout the course of Plaintiff's employment with Defendant, Plaintiff filed separate, prior EEOC charges of discrimination against Defendant in May 2012 (EEOC Charge No. 440-2012-03759) and in May 2013 (EEOC Charge No. 440-2013-03416) as it related to claims of retaliation and national origin discrimination against Defendant.

14. On or about October 19, 2013, in the course of his employment, Plaintiff was injured in a motor vehicle accident that resulted in a concussion and injuries to Plaintiff's lower back, hip and left knee.

15. As a result of the concussion and related complications of the October 19, 2013 motor vehicle accident, Plaintiff began to suffer significant dizziness and had issues with his overall balance which required Plaintiff to utilize a walking cane for a limited period of time.

16. As a result of Plaintiff's October 19, 2013 motor vehicle accident and related medical treatment, Plaintiff was unable to return to work for a limited period of time.

17. On or about October 21, 2013, Plaintiff was approved and placed on administrative leave by Defendant.

18. At the time that Plaintiff was placed on administrative leave in October 2013, Plaintiff's Right to Sue letter for Charge No. 440-2013-03416 was still valid.

19. As provided in a written notice that was sent to Plaintiff on September 10, 2014, Plaintiff's October 21, 2013 approved administrative leave status was valid for one year and set to expire on October 20, 2014.

20. However, in or about May 2014, Defendant indicated that Plaintiff should return to work.

21. Due to Plaintiff's ongoing injuries and related medical care in May 2014, Plaintiff was not able to return back to work at that time.

22. Rather, Plaintiff was cleared to return back to work with Defendant in or about August 2014 and notified Defendant of the same.

23. Despite sufficient notice, Defendant did not respond to Plaintiff's notification of intent to return back to work.

24. Additionally, Plaintiff sought further efforts to communicate with Defendant again in or about October 2014 about Plaintiff's intent to return back to work and requisite medical clearance.

25. Despite Plaintiff's efforts to communicate with Defendant, Plaintiff did not receive any response from Defendant until or about November 2014.

26. On or about November 10, 2014, Plaintiff received notification of his termination from Defendant.

27. As a result of Defendant's discriminatory treatment of Plaintiff, Plaintiff has suffered damages in the Counts below.

### COUNT I – DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT ("ADA")

28. Plaintiff incorporates Paragraphs 1 through 27 as if fully restated herein.

29. The Americans with Disabilities Act of 1990 ("ADA") prohibits covered entities from discriminating against qualified employees based on their disabilities. 42 U.S.C. §12112.

30. The ADA provides the following definition of "disability": (A) a physical or mental impairment that substantially limits one or more of the major life activities of [the] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment. *612 42 U.S.C. § 12102(2). *Kupstas v. City of Greenwood,* 398 F.3d 609, 611–12 (7th Cir. 2005).

31. An individual meets the requirement of 'being regarded as having an impairment' if the individual establishes that "he or she has been subjected to an action prohibited under the ADA because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. §12102(3)(A).

32. On or about October 21, 2013, Plaintiff was approved and placed on administrative leave by Defendant that was valid for one year.

33. In or about May 2014, Defendant indicated that Plaintiff should return to work.

34. Due to Plaintiff's ongoing injuries and related medical care in May 2014, however, Plaintiff was not able to return back to work at that time.

35. In August 2014, Plaintiff was medically cleared and could perform the essential functions of his job as a Commercial Rearload Driver.

36. In August 2014, Defendant did not have a reasonable belief based on objective evidence that a medical condition would impair Plaintiff's ability to perform the essential functions of his job as a Commercial Rearload Driver.

37. In August 2014, Defendant did not have a reasonable belief based on objective evidence that Plaintiff would pose a threat due to a medical condition.

38. Despite Plaintiff's efforts to communicate with Defendant about his intent to return back to work and related medical clearance from about August 2014 through October 2014, Defendant did not respond to any of Plaintiff's telephone calls or emails.

39. Despite having cleared Plaintiff to remain in an administrative leave status through October 20, 2014, Defendant did not respond to any of Plaintiff's telephone calls or emails that took place from August 2014 through October 2014.

40. Without justification, Plaintiff was terminated on November 10, 2014 by Defendant.

41. As Plaintiff could not return back to work per Defendant's initial request in May 2014, Defendant perceived Plaintiff as maintaining an impairment that would pose a threat in the workplace or impair Plaintiff's ability to perform his essential job functions.

42. As a result of Defendant's conduct, Plaintiff has suffered damages, to include, but not limited to, loss of pay and benefits, compensatory damages in the form of emotional distress, outrage, shame, humiliation, embarrassment, mental anguish, pain and suffering, as well as

lost wages related to Plaintiff's inability to return Plaintiff back to work in August 2014, in addition to attorneys' fees.

## COUNT II– RETALIATION IN VIOLATION OF TITLE VII

43. Plaintiff incorporates Paragraphs 1 through 27 as if fully restated herein.

44. Title VII's anti-retaliation provision prohibits an employer from discriminating against an employee "because he has opposed any practice made an unlawful employment practice" by the statute or "because he has made a charge, testified, assisted, or participated in [a relevant] investigation, proceeding, or hearing." 42 U.S.C. § 2000e–3(a). *See Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765-66 (2016).

45. To state a retaliation claim under Title VII, a plaintiff must allege facts that show: (1) he engaged in statutorily protected activity, (2) his employer took an adverse action against him, and (3) a causal connection existed between the protected activity and the adverse action. *Id.*

46. In May 2012, Plaintiff filed an initial EEOC charge of discrimination (EEOC Charge No. 440-2012-03759) against Defendant.

47. Subsequently, in March 2013, the EEOC closed its investigation and issued Plaintiff a Right to Sue letter for EEOC Charge No. 440-2012-03759.

48. In May 2013, Plaintiff filed a second EEOC charge of discrimination (EEOC Charge No. 440-2013-03416) against Defendant.

49. Subsequently, in July 2013, the EEOC closed its investigation and issued Plaintiff a Right to Sue letter for EEOC Charge No. 440-2013-03416 against Defendant.

50. On or about October 21, 2013, Plaintiff was approved and placed on administrative leave by Defendant.

51. In or about May 2014, Defendant indicated that Plaintiff should return to work.

52. Due to Plaintiff's ongoing injuries and related medical care in May 2014, however, Plaintiff was not able to return back to work at that time.

53. In August 2014, Plaintiff was medically cleared and could perform the essential functions of his job as a Commercial Rearload Driver.

54. Despite Plaintiff's efforts to communicate with Defendant about his intent to return back to work and related medical clearance from about August 2014 through October 2014, Defendant did not respond to any of Plaintiff's telephone calls or emails.

55. Despite having cleared Plaintiff to remain in an administrative leave status through October 20, 2014, Defendant did not respond to any of Plaintiff's telephone calls or emails that took place from August 2014 through October 2014.

56. At the time that Plaintiff was placed on administrative leave in October 2013, Plaintiff's Right to Sue letter for Charge No. 440-2013-03416 was still valid.

57. Without justification, Plaintiff was terminated on November 10, 2014 by Defendant.

58. Overall, as a result of Plaintiff engaging in protected activity of filing discrimination charges at the EEOC, Defendant retaliated against Plaintiff.

59. As a result of Defendant's conduct, Plaintiff has suffered damages, to include, but not limited to, loss of pay and benefits, compensatory damages in the form of emotional distress, outrage, shame, humiliation, embarrassment, mental anguish, pain and suffering, as well as lost wages related to Plaintiff's inability to return Plaintiff back to work in August 2014, in addition to attorneys' fees.

    WHEREFORE, for the foregoing reasons, Plaintiff requests that this Honorable Court enter judgment in his favor, and against Defendant, and enter and order all appropriate relief, to include backpay and back benefits as appropriate, compensatory damages, make whole relief for

all losses resulting from the retaliation and disability discrimination, injunctive relief requiring Defendant to cease and desist from violating the ADA, reasonable attorneys' fees and litigation costs, pre-judgment interest and all other available and appropriate relief.

**JURY DEMANDED**

                                              Respectfully submitted,

                                              **ALEX GUTIERREZ**
                                              /s/ Nicollette M. Haines

By: _____
                                              Nicollette M. Haines, Esq.
                                              One of His Attorneys

*Nicollette M. Haines, Esq.*
DISPARTI LAW GROUP, P.A.
121 W. Wacker Drive, Suite 2300
Chicago, Illinois 60601
P: (312) 506-5511 ext. 334
F: (312) 846-6363
E: Nicollette@dispartilaw.com

*Cass T. Casper, Esq.*
DISPARTI LAW GROUP, P.A.
121 W. Wacker Drive, Suite 2300
Chicago, Illinois 60601
P: (312) 506-5511 ext. 331
F: (312) 846-6363
E: ccasper@dispartilaw.com

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Chicago District Office**
230 S Dearborn Street ,
Chicago ,Illinois ,60604
(800) 669-4000
Website: www.eeoc.gov

## CONCILIATION FAILURE AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

To: Mr. Alex Gutierrez
4150 Stoney Island Avenue
Gurnee, IL 60031

Charge No: 440-2015-06744

EEOC Representative and email:         Robert Shelton
                                       Enforcement Supervisor
                                       robert.shelton@eeoc.gov

## CONCILIATION FAILURE OF CHARGE

To the person aggrieved: This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 440-2015-06744.

On Behalf of the Commission:

Digitally Signed By:Julianne Bowman
03/07/2022
Julianne Bowman
District Director

cc: WASTE MANAGEMENT

Please retain this notice for your records.          Exhibit 1